**Andrew M. Schpak,** OSB No. 04408
aschpak@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

**Karla Grossenbacher,** Motion for Admission *Pro Hac Vice* pending
kgrossenbacher@seyfarth.com
Seyfarth Shaw LLP
975 F Street, NW
Washington, DC 20004
Telephone: (202) 828-3556
Facsimile: (202) 828-5393

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene

| | |
|---|---|
| KATHLEEN STREK, | CV. 6:12-ccv-01610-HO |
| Plaintiff, | |
| v. | ANSWER |
| THE HUMANE SOCIETY OF THE UNITED STATES, | |
| Defendant. | |

Defendant, The Humane Society of the United States, by its undersigned attorneys, hereby answers Plaintiff's Complaint as follows:

## PARTIES

1.  In answering paragraph 1 of Plaintiff's Complaint, Defendant admits that there are two claims in Plaintiff's Complaint. Defendant further admits that one claim alleges

Page 1 - ANSWER

00282434.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

Plaintiff's employment was terminated in violation of ORS 659A.199 based on alleged activities involving the Oregon Occupational Health and Safety Administration and the Oregon Department of Agriculture, but Defendant denies that it has engaged in any illegal activity as alleged in Plaintiff's Complaint. Defendant further admits that the second claim alleges disability discrimination in violation of ORS 659A.112, but Defendant denies that it has engaged in any illegal activity as alleged in Plaintiff's Complaint. In addition, Defendant admits that Plaintiff asserts that she is bringing the second claim pursuant to ORS 659A.885 and that she seeks economic and compensatory damages in her Complaint, but Defendant denies that Plaintiff is entitled to this relief, or any other relief, from Defendant. Defendant denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2.   In answering paragraph 2 of Plaintiff's Complaint, Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained in the first and third sentences of paragraph 2 therein. Defendant denies the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3.   In answering paragraph 3 of Plaintiff's Complaint, Defendant admits that it is a non-profit corporation incorporated in the state of Delaware with its principal place of business in the District of Columbia. Defendant admits the allegations in the second and third sentences of paragraph 3 of Plaintiff's Complaint.

4.   In answering paragraph 4 of Plaintiff's Complaint, Defendant admits the allegations contained in the first and third sentences therein. Defendant denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

00282434.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

5.  In answering paragraph 5 of Plaintiff's Complaint, Defendant admits the allegations contained in the first sentence therein. Defendant denies the remaining allegations contained in paragraph 5 of Plaintiff's Complaint

6.  Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.  Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint,

8.  Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.  Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. In answering paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff requested leave on June 15, 2011. Defendant denies the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that Plaintiff's employment was terminated on June 15, 2011.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

### FIRST CLAIM
### (Whistle Blowing ORS 659A.199)

13. Defendant hereby incorporates by reference its responses to paragraphs 1 through 9 and 11-12 of Plaintiff's Complaint as if fully set forth herein.[1]

---

[1] Defendant is only responding to Plaintiff's First Claim insofar as it relates to the alleged whistle blowing activity involving the ODA. Defendant has filed a motion to dismiss this claim as it relates to the alleged whistle blowing activity involving the Oregon OSHA.

Page 3 - ANSWER

14. Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained in paragraph 17 of Plaintiff's Complaint.

## SECOND CLAIM
### (Disability Discrimination in Employment ORS 659A.112)

18. Defendant hereby incorporates by reference its responses to paragraphs 1 through 12 of Plaintiff's Complaint as if fully set forth herein.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause that follows paragraph 22 of Plaintiff's Complaint, or any other relief

00282434.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

from Defendant.

24.   All other allegations set forth in Plaintiff's Complaint that have not heretofore been admitted or denied are hereby specifically and fully denied.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following defenses without assuming any burden of production or proof that it would not otherwise have. Defendant further avers that Plaintiff's claims are vague and it is difficult to identify every possible affirmative defense and thus expressly reserves its right to assert additional affirmative defenses should the precise nature of Plaintiff's claims become clear. Defendant also specifically reserves the right to amend this Answer by adding additional affirmative defenses and/or counterclaims as additional investigation, discovery and circumstances may warrant.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Punitive Damages – Good Faith Efforts)

To the extent Plaintiff intends to seek punitive damages, her claim for such damages is barred because Defendant has engaged in good faith efforts to comply with federal, state and local anti-discrimination laws.

## THIRD AFFIRMATIVE DEFENSE
### (Punitive Damages – Standard not Met)

To the extent Plaintiff intends to seek punitive damages, her claim for such damages is barred because Defendant's alleged or actual conduct does not rise to the level necessary to

Page 5 - ANSWER

sustain a punitive damages award or instruction.

## FOURTH AFFIRMATIVE DEFENSE
### (Damages Limited by Statute)

To the extent Plaintiff seeks any damages not provided for under the Oregon statutes under which she seeks relief, her claims for such damages are barred.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

To the extent Plaintiff has not taken reasonable efforts to mitigate her damages, her request for damages is barred in whole or in part.

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in Defendant's favor.

2. Plaintiff take nothing by the Complaint.

3. The Court deny Plaintiff's requested relief.

4. The Court award Defendant its costs and attorneys' fees.

5. The Court award Defendant such further relief as it deems just and proper.

DATED this 14th day of September 2012.

BARRAN LIEBMAN LLP


By *s/Andrew M. Schpak*
 Andrew M. Schpak, OSB No. 04408
 aschpak@barran.com

SEYFARTH SHAW LLP

Karla Grossenbacher, Motion for Admission Pro
 Hac Vice Pending

Attorneys for Defendant

Page 6 - ANSWER

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September 2012, I served the foregoing **ANSWER** on the following parties at the following addresses:

> Glenn N. Solomon
> 1001 SW 5th Ave., #1414
> Portland, Oregon 97204

By causing the same to be: ☐ mailed ☒ electronic filing using the Court's ECF System ☐ hand delivered ☐ faxed to them a true and correct copy thereof.

*s/Andrew M. Schpak*
Andrew M. Schpak

Page 7 - ANSWER