**Andrew M. Schpak,** OSB No. 04408
aschpak@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon  97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

**Karla Grossenbacher, Motion for Admission *Pro Hac Vice* pending**
kgrossenbacher@seyfarth.com
Seyfarth Shaw LLP
975 F Street, NW
Washington, DC 20004
Telephone:  (202) 828-3556
Facsimile:  (202) 828-5393

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene

| | |
|---|---|
| KATHLEEN STREK, | **CV. 6:12-ccv-01610-HO** |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUGMENT** |
| THE HUMANE SOCIETY OF THE UNITED STATES, | |
| Defendant. | |

Defendant, The Humane Society of the United States (the "HSUS"), by its undersigned

attorneys, hereby submits this memorandum of points and authorities in support of its Motion to

Dismiss and/or for Summary Judgment on Plaintiff's OSHA Whistleblowing Claim.

Plaintiff, a former employee of the HSUS, asserts two claims against the HSUS in the

instant lawsuit.  In her first claim, Plaintiff asserts violations of the Oregon whistleblowing

Page 1 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUGMENT

statute (ORS 659A.199). Plaintiff claims that Defendant violated ORS 659A.199 by taking

actions against her for (a) contacting the Oregon Safety and Health Division ("OSHA") and (b)

contacting the Oregon Department of Agriculture ("ODA"). Complaint ¶ 15. In the other claim

in the Complaint, Plaintiff asserts that the HSUS discriminated against her on the basis of a

disability under Oregon state law. Complaint ¶ 19.

Prior to filing her lawsuit, Plaintiff filed an administrative complaint with the Oregon

Bureau of Labor and Industry ("BOLI) that asserted these same claims. Complaint ¶ 1. BOLI

divided Plaintiff's administrative complaint into two complaints: Complaint OSEMOS110913-

51347 and Complaint DPEMDP110913-51465. Complaint OSEMOS110913-51347 contains

Plaintiff's claim that her employment was terminated because she contacted OSHA, and

Complaint DPEMDP110913-51465 contains the ODA whistleblowing claim, the disability

discrimination, and other claims that are not asserted in this lawsuit. BOLI prepared separate

"Complaint Dismissal Memos" for the two complaints, which confirm this division of Plaintiff's

claims into two complaints. See Declaration of Karla Grossenbacher ("Grossenbacher Decl.") at

Att. B.[1]

---

[1] Defendant has attached to this motion certain documents obtained in response to a records request to BOLI as well as a docket report from the Circuit Court for Douglas County. The Ninth Circuit has held that "[w]hen ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908; *Dunn v. Castro*, 621 F.3d 1196, 1204 n.10 (9th Cir. 2010) (stating it is appropriate to consider facts not in a complaint if they may be judicially noticed under Federal Rules of Evidence ("FRE") 201, are incorporated by reference by the plaintiff, or are matters of public record); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) (holding that the court may consider judicially noticed documents on a Rule 12(b)(6) motion); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (finding that when determining whether a complaint fails to state a claim a district court may

Page 2 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUGMENT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

Once it had determined to dismiss Plaintiff's administrative complaints, BOLI mailed Plaintiff two separate "90-day notices" regarding the dismissal of the complaints. Grossenbacher Decl. at Att. B. The 90-day notice for Complaint OSEMOS110913-51347 was mailed on December 12, 2011. The 90-day notice for Complaint DPEMDP110913-51465 was mailed to Plaintiff on May 16, 2012. Both of the 90-day notices state, in relevant part,

> [T]he Oregon Revised Statutes gives (sic) you the right to file a suit in a state circuit court based on the allegations in this complaint. Pursuant to ORS 659A.880, this action must be commenced within 90 calendar days from the above mailing date. After 90 calendar days from the above mailing date, the right to file in state circuit court is lost."

Grossenbacher Decl. at Att. B.

Plaintiff filed the instant lawsuit in the Circuit Court for Douglas County on August 2, 2012. See Declaration of Amy L. Angel ("Angel Decl.") at Att. A. Defendant removed the lawsuit to this Court on September 7, 2012.

## ARGUMENT

Plaintiff's OSHA whistleblowing claim is time-barred because Plaintiff failed to file her lawsuit in court within the 90 days of receiving the 90-day notice on Complaint OSEMOS110913-51347.

Claims asserting violations of Oregon's whistleblowing statute (ORS 659A.199) are subject to the procedures set forth in ORS 659A.820, *et seq.* Those procedures allow for an individual to either file an administrative complaint with BOLI under ORS 659A.820(2) or file a civil action in court under ORS 659A.885. If the individual pursues the option of filing a complaint with BOLI under ORS 659A.820, BOLI is required to "issue a 90-day notice to the

---

take "judicial notice of matters of public record outside the pleadings"). Defendant submits that these documents may all be considered without converting its motion to dismiss into a motion for summary judgment, but if the Court determines otherwise, Defendant seeks, in the alternative, judgment as a matter of law on Plaintiff's OSHA whistleblowing claim.

Page 3 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUGMENT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

complainant if the commissioner dismisses the complaint within one year after the filing of the complaint, and the dismissal is for any reason other than the fact that a civil action has been filed by the complainant." ORS 659A.880(1). The 90-day notice "must be in writing and must notify the complainant that a civil action against the respondent under ORS 659A.885 may be filed with 90 days after the date of mailing of the 90-day notice, and that any right to bring a civil action against the respondent under ORS 659A.885 will be lost if the action is not commenced within 90 days after the date of the mailing of the 90-day notice." ORS 659A.880(3). The statute further provides in the section entitled "Time limitations" that "[a] person who has filed a complaint under ORS 659A.820 must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant under ORS 659A.880."

In this case, BOLI mailed the 90-day notice to Plaintiff on Complaint OSEMOS110913-51347, which disposes of her complaint that she was fired for contacting OSHA, on December 12, 2011. Plaintiff did not file the instant lawsuit until August 2, 2012, well outside the 90-day period described in the 90-day notice and in ORS 659A.875. Therefore, Plaintiff's OSHA whistleblowing claim must be dismissed because it is barred by the limitations period set forth in 659A.875. *See, e.g.*, *Miller v. Aqua Glass, Inc.*, No. CV 07-3088-CL, 2010 U.S. Dist. LEXIS 12644 at *6 (D. Or. Jan. 14, 2010) ("A person who has filed a complaint under ORS 659A.820 must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant under ORS 659A.880" and the "failure to file a claim . . . within this time period bars Plaintiff from seeking relief for these state law claims in court"); *Sharer v. State of Oregon*, 481 F. Supp. 2d 1156, 1163-64 (D. Or. 2007) (dismissing whistleblower claim as untimely under ORS 659A.875 because plaintiff "did not file it within 90

Page 4 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUGMENT

days of the date BOLI sent his 90-day notice letter"), *aff'd*, 581 F.3d 1176 (9th Cir. 2009); *Snook v. Rabold*, No. CV 06-849-MO, 2006 U.S. Dist. LEXIS 75253 (D. Or. Oct. 12, 2006) (finding state discrimination claims barred because plaintiff "failed to file his civil action within 90 days of the date of the right-to-sue letter" from BOLI).

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that its motion be granted.

DATED this 14th day of September 2012.

BARRAN LIEBMAN LLP

By *s/Andrew M. Schpak*
    Andrew M. Schpak, OSB No. 04408
    aschpak@barran.com

SEYFARTH SHAW LLP

Karla Grossenbacher, Motion for Admission Pro
    Hac Vice Pending

Attorneys for Defendant

Page 5 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
DISMISS AND/OR FOR SUMMARY JUGMENT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September 2012, I served the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUGMENT** on the following parties at the following addresses:

> Glenn N. Solomon
> 1001 SW 5th Ave., #1414
> Portland, Oregon  97204

By causing the same to be:  ☐ mailed  ☒ electronic filing using the Court's ECF System ☐ hand delivered  ☐ faxed to them a true and correct copy thereof.

_____*s/Andrew M. Schpak*_____
Andrew M. Schpak

Page 6 – MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUGMENT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212