IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KATHLEEN STARK, | ) |
| | ) |
| Plaintiff, | ) No. 6:12-cv-1610-HO |
| | ) |
| v. | ) ORDER |
| | ) |
| THE HUMANE SOCIETY OF THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

Plaintiff filed this action in the Circuit Court of Oregon for the County of Douglas on August 2, 2011, asserting claims of discrimination based on whistle blowing and disability. On September 7, 2012, defendant removed the action to this court and On September 14, 2012, filed a motion to dismiss or for summary judgment.

Defendant asserts that plaintiff's whistle blowing claim related to contact to the Oregon Occupational Health and Safety

1 - ORDER

Administration (OSHA) is time-barred. Plaintiff has not responded to the motion. However, based on the complaint and matters of public record, of which this court may appropriately take judicial notice, the motion is well-taken.

Plaintiff alleges, for her first claim for relief, that defendant's decision to terminate her employment was substantially motivated by her contact with OSHA regarding hazardous working conditions. Plaintiff similarly alleges a whistle blower claim based on contacts she made to the Oregon Department of Agriculture (ODA) to allegedly bring a facility operated by defendant into compliance with the Clean Water Act. Defendant's motion targets the OSHA portion of plaintiff's whistle blower claim.

Plaintiff initiated administrative proceedings with the Oregon Bureau of Labor and Industry (BOLI). BOLI divided the claim into two claims separating the OSHA claim and the ODA claim. The court takes judicial notice of BOLI's complaint dismissal memos respecting each claim.[1]

On December 12, 2011, BOLI issued its decision dismissing the OSHA complaint. Along with that decision, BOLI informed plaintiff that

> [e]ven though the civil rights division has closed this case, the Oregon Revised Statutes gives you the right to file a suit in a state circuit court based on allegations

---

[1] Because the BOLI documents are matters of public record appropriately considered on a motion to dismiss, the court need not convert the motion to one for summary judgment.

2 - ORDER

> in this complaint. Pursuant to ORS 659A.880, this action must be commenced within 90 calendar days from [December 12, 2011]. After 90 calendar days ... the right to file in circuit court is lost.

BOLI letter of December 12, 2011, to Kathleen Strek (attached as Exhibit B at p. 6 of the Declaration of Karla Grossenbacher (#7)).

Because plaintiff chose to file a complaint with BOLI pursuant to ORS § 859A.820(2) asserting a whistle blower claim in violation of ORS 659A.199, BOLI was required to issue the 90 day notice pursuant to ORS § 659A.880. Accordingly, plaintiff was required to bring her OSHA whistle blowing claim within 90 days of December 12, 2011. ORS § 659A.875(2).

Plaintiff initiated this action in state court on August 2, 2012. Therefore, plaintiff failed to timely file this action with respect to her OSHA claim. Accordingly, plaintiff's OSHA whistle blowing claim is dismissed.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (#5) is granted.

DATED this __14th__ day of October, 2012.

*Michael R. Hogan*
United States District Judge

3 - ORDER